1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6  DAVID ENGELSTEIN,

7                      Plaintiff,

8            v.                                    C20-916 TSZ

9  UNITED STATES DEPARTMENT        ORDER
   OF AGRICULTURE, et al.,

10

11                   Defendants.

12  DAVID ENGELSTEIN,

13                      Plaintiff,

14          v.

15  THE STATE OF WASHINGTON, et
    al.,

16                   Defendants.

17

18         THIS MATTER comes before the Court on the Motion for Summary Judgment,

19  docket no. 54, filed by Defendant Active Construction ("Active").  Defendant Oldcastle

20  Infrastructure, Inc. ("Oldcastle") filed a Response and Joinder to Active's motion (docket

21  no. 60).  Having reviewed all papers filed in support of, and in opposition to, the motions,

22  the Court enters the following Order.

23

ORDER - 1

**Background**

In 2014, the United States Department of Transportation ("DOT") awarded a contract to Active to make improvements to Middle Fork Snoqualmie River Road ("Middle Fork Road").  Gebhard Decl. at ¶ 2 (docket no. 56).  The work included grading, paving, and reconstructing bridges and culverts in addition to other improvements.  Id.  Active engaged Oldcastle to supply materials that it used in the construction.  Reynolds Decl. at ¶ 2 (docket no. 62).  Oldcastle's involvement in the project ended around October 2014, after it delivered the specified materials to the project site.  Id. at ¶ 4.

On June 18, 2017, Plaintiff David Engelstein suffered a bicycle accident on Middle Fork Road.  Second Amended Complaint ("SAC") at ¶¶ 5.1 & 5.2 (docket no. 58).  According to Engelstein, he crashed and suffered injuries when his front wheel dropped into a gap between grate panels.  Id. at ¶ 5.2.

The following morning, Active learned from DOT that a bicycle accident had occurred the prior day at Middle Fork Road.  Gebhard Decl. at ¶ 4.  Active, however, asserts that DOT did not inform it of the identity of the bicyclist, the type or description of the bicycle, the bicyclist's actions, or why the accident occurred, although it was suspected that the grates may have contributed.  Id.; Grad Decl. (docket no. 80 at 28) (email chain forwarded to Active stating it was assumed that a slot in the grating contributed to the crash).  Active placed steel sheets over each grate on June 20, 2017.  Grad Decl. at 24.

Engelstein filed two lawsuits related to his accident.  On June 12, 2020, Engelstein

filed a complaint in federal court under the Federal Tort Claims Act (FTCA).  See

Compl. (docket no. 1).  The complaint did not name either Active or Oldcastle as

defendants, but named several Doe defendants:

> Does I-X are individuals or entities which Plaintiff cannot presently identify
> because of defendants' failure to respond to Plaintiff's inquiry and/or FOIA
> requests regarding individuals, contractors and/or plans and/or standards
> relating to the site of Plaintiff's injury.  They are contractors or others who
> may have constructed or installed roadway and/or portion of roadways
> including the site where plaintiff was injured, and would be liable for
> improper design and/or installation or as may otherwise be shown.  Their acts
> or omissions were as agents or otherwise such that the other named
> defendants are liable therefor.

Compl. at ¶ 3.1.  Engelstein also filed a complaint against King County and Washington

State in state court on August 20, 2020.  Compl. (docket no. 1-1), Engelstein v.

Washington, C20-1809 (W.D. Wash.).  The state suit was eventually removed to federal

court and consolidated with the existing federal suit.  See Minute Order (docket no. 21).

Engelstein filed a First Amended Complaint ("FAC") naming Active as a

defendant on May 20, 2021.  FAC at ¶ 3.3 (docket no. 28).  Engelstein served Active

with the FAC on May 27, 2021.  Gebhard Decl. at ¶ 5.  According to Active, it was

unaware that Engelstein was making a claim for damages until served with the FAC.  Id.

at ¶ 6.  Engelstein served Oldcastle with the FAC on June 7, 2021.  Salisbury Decl. at ¶ 2

(docket no. 61).  Oldcastle contends that it had not received any notice of Engelstein's

accident or lawsuit until served with the FAC.  Id.

Active now brings this motion for summary judgment, arguing that the Court

should dismiss it from the lawsuit based on expiration of the statute of limitations.

1  Oldcastle filed a Response and Joinder to Active's motion asserting that the statute of

2  limitations similarly bars Engelstein's claims against it.[1]  Joinder (docket no. 60).

3  **<u>Discussion</u>**

4  **I.    Summary Judgment Standard**

5          The Court shall grant summary judgment if no genuine issue of material fact exists

6  and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

7  The moving party bears the initial burden of demonstrating the absence of a genuine issue

8  of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  A fact is material if

9  it might affect the outcome of the suit under the governing law.  <u>Anderson v. Liberty</u>

10 <u>Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the

11 adverse party must present affirmative evidence, which "is to be believed" and from

12 which all "justifiable inferences" are to be favorably drawn.  <u>Id.</u> at 255, 257.  When the

13 record, however, taken as a whole, could not lead a rational trier of fact to find for the

14 non-moving party, summary judgment is warranted.  <u>See</u> <u>Beard v. Banks</u>, 548 U.S. 521,

15 529 (2006) ("Rule 56 'mandates the entry of summary judgment, after adequate time for

16 discovery and upon motion, against a party who fails to make a showing sufficient to

17

18

19

20 [1] Engelstein challenges Oldcastle's Response and Joinder because Oldcastle did not label it as a
   "joinder" on the docket.  While counsel should properly docket motions, Oldcastle's Response

21 and Joinder is brief and Engelstein has had ample time to respond.  The Court will address the
   merits of the Response and Joinder.  Additionally, because the Court will address the merits, the

22 Court DENIES Engelstein's motion to strike Oldcastle's Reply, docket no. 83, as immaterial.
   Surreply at 1 (docket no. 87).

23

- 4

1  establish the existence of an element essential to that party's case, and on which that

2  party will bear the burden of proof at trial.'" (quoting <u>Celotex</u>, 477 U.S. at 322)).

3  **II.   Tolling**

4       Both parties assert that Washington's three-year statute of limitations for personal

5  injury actions applies.  Mot. for Summ. J. at 7 (docket no. 54) (citing RCW 4.16.080);

6  Resp. at 2 (docket no. 73).  Under Washington law, "[t]he general rule in ordinary

7  personal injury actions is that a cause of action accrues at the time the act or omission

8  occurs."  <u>Matter of Ests. of Hibbard</u>, 118 Wn.2d 737, 744, 826 P.2d 690 (1992).

9       Engelstein suffered his bicycle accident on June 18, 2017.  Engelstein did not

10 serve Active or Oldcastle until 2021.  Although Engelstein did not serve Active or

11 Oldcastle until almost four years after his accident, he contends that his service of process

12 on the other named defendants tolled the three-year statute of limitations as to the

13 unserved and unnamed defendants, including Active and Oldcastle.

14      In Washington, "service of process on one defendant tolls the statute of limitations

15 as to unserved defendants."  <u>Powers v. W.B. Mobile Servs., Inc.</u>, 182 Wn.2d 159, 164,

16 339 P.3d 173 (2014) (citing RCW 4.16.170).  A "John Doe" defendant may appropriately

17 be named for purposes of RCW 4.16.170 if identified with reasonable particularity.  <u>Id.</u>

18 (quoting <u>Sidis v. Brodie/Dohrmann, Inc.</u>, 117 Wn.2d 325, 329, 815 P.2d 781 (1991)).

19 The Supreme Court of Washington has set out a two-prong test for determining when

20 John Doe defendants are named with reasonable particularity:

21      In order for a plaintiff to show that an unnamed defendant is identified with
     reasonable particularity, the plaintiff must establish (1)(a) from the

22      commencement of the statute of limitations, the plaintiff made a diligent

23

effort to identify the actual defendant given the information reasonably available to the plaintiff and (b) the plaintiff provided information about the unnamed defendant in the complaint to the greatest extent possible, including describing the unnamed defendant's acts and appearance and (2) the defendant had or should have received such notice of the action that it will not be prejudiced in maintaining a defense on the merits at the time when the placeholder for the defendant, such as "John Doe" or "ABC Corporation," is replaced with the defendant's actual name.

Id. at 164–65.  Here, the Court concludes as a matter of law that the statute of limitations was not tolled because Engelstein has not met the second Powers prong.

### a. Notice of the Action

Although Active admits that it first learned of Engelstein's accident on the morning of June 19, 2017, it contends that it did not know of the *action* against it until it was served with the FAC on May 27, 2021.  Gebhard Decl. at ¶¶ 4 & 6.  Similarly, Oldcastle states that it did not have any knowledge of Engelstein's accident or claims until he served it with the FAC complaint on June 7, 2021.  Salisbury Decl. at ¶ 2.  This distinguishes this case from the other cases in which the Washington State Supreme Court determined that the statute of limitations was tolled against unserved and unnamed defendants.  See Kim v. Lakeside Adult Fam. Home, 185 Wn.2d 532, 563–64, 374 P.3d 121 (2016) (determining second prong was satisfied where defendant's attorneys, who also represented another defendant in the case, received a copy of the complaint); Powers, 182 Wn.2d at 167 (ruling second prong was met where defendant received a copy of the complaint from another defendant).  Engelstein argues that Active should have known about his claims because it could have continually reached out to the federal government to discover Engelstein's identity and the existence of his FTCA lawsuit.

1  Resp. at 10.  Engelstein, however, fails to cite any authority that, under Washington law

2  on tolling, the defendant has a duty to make continual inquiries to learn if a plaintiff has

3  made claims against it.[2]  The Court concludes as a matter of law that neither Active nor

4  Oldcastle had or should have had notice of Engelstein's action prior to him serving them

5  with the FAC.

6        **b.  Prejudice**

7        Additionally, Active and Oldcastle both argue that they are prejudiced in

8  maintaining a defense on the merits.  Regarding Active's knowledge of the accident,

9  Active contends it knew only that a bicycle accident had occurred and where.  Gebhard

10  Decl. at ¶ 5.  According to Active, it did not know the identity of the bicyclist, the type of

11  bicycle, the bicyclist's actions, or why the accident occurred, although it was speculated

12  that grates may have contributed.  Id. at ¶ 4.  Active argues that the lack of knowledge

13  about Engelstein's theory of liability, the lack of meaningful information about

14  Engelstein's damages, and the lack of means to investigate or corroborate those damages

15  until almost four years after the accident prejudices it.  Indeed, a party may be prejudiced

16  where although it knew about a plaintiff's accident, it did not investigate additional

17  factual issues related to the lawsuit.  See Craig v. United States, 413 F.2d 854, 858 (9th

18  Cir. 1969).

19

20  _____

21  [2] On the contrary, with respect to Rule 15(c) and the relation back doctrine, the Ninth Circuit has
    refused to impute knowledge between parties.  Williams v. United States, 711 F.2d 893, 898 (9th
22  Cir. 1983) (refusing to impute the knowledge of a government agency to the United States
    Attorney or United States Attorney General for purposes of Rule 15(c)).

23

- 7

Engelstein submits declarations that assert Active is not prejudiced by the delay in learning of the lawsuit because Active investigated the accident the day after it occurred and likely retained its records.  Carter Decl. at ¶ 13 (docket no. 74); Peizer Decl. at ¶ 4 (docket no. 77).  These declarations, however, miss the point of Active's argument, which is that the lack of knowledge about the full details of the accident and Engelstein's theory of liability prevented it from conducting a meaningful investigation into the accident.  As to Oldcastle, Engelstein does not challenge its contention that it is prejudiced by the delay in learning of Engelstein's accident and claims.

The Court concludes that both defendants Active and Oldcastle were prejudiced as a matter of law due to the delay in learning of Engelstein's lawsuit.  As a result, the reference to the Doe defendants in Engelstein's complaint and his service on at least one named defendant did not toll the limitations period for service on Active and Oldcastle.

## III.    Relation Back

The parties also dispute whether Engelstein's amendment to name Active and Oldcastle relates back to his original complaint under Rule 15.  Rule 15(c) mandates that the following requirements be met for an amendment to relate back:

**(c) Relation Back of Amendments.**

**(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

For the same reasons as discussed in Section II, there is no evidence that Active or Oldcastle received formal or informal notice of the action such that they will not be prejudiced by defending on the merits. See Craig, 413 F.2d at 857–58; see also Korn v. Royal Caribbean Cruise Line, Inc., 724 F.2d 1397, 1400 (9th Cir. 1984) (determining no prejudice where defendant was "fully aware of the date of the accident and the identity of the person injured," knew of the cruise ship and number of the cruise, and was informed that "a settlement might be in the offing"). Active did not receive notice of the lawsuit until served with the FAC and had only minimal knowledge of the accident. Oldcastle did not know of either the accident or the lawsuit until served with the FAC. Because neither Active nor Oldcastle received notice of the action such that they would not be prejudiced in defending on the merits, Rule 15(c) is not satisfied. Accordingly, the Court concludes that Engelstein's amendment to name Active and Oldcastle does not relate back to the original complaint.

Since Engelstein amended his complaint to name Active and Oldcastle as defendants after the three-year statute of limitations had expired, and because

neither tolling nor relation back apply, the Court GRANTS Active's Motion for Summary Judgment, docket no. 54, and Oldcastle's Response and Joinder, docket no. 60.[3]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Active's Motion for Summary Judgment, docket no. 54, is GRANTED. Active is DISMISSED as a defendant from this lawsuit with prejudice.

(2)     Oldcastle's Response and Joinder, docket no. 60, is GRANTED.  Oldcastle is DISMISSED as a defendant from this lawsuit with prejudice.

(3)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of January, 2022.

_____
Thomas S. Zilly
United States District Judge

---

[3] Since the Court grants both motions, it DENIES Engelstein's request for sanctions.  Resp. at 4.

- 10