Harvey Grad
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph: 206.409.9504
Attorney for Plaintiff

NOTED FOR FEBRUARY 25, 2022
JUDGE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR WESTERN WASHINGTON

DAVID ENGELSTEIN,

        Plaintiff,

vs.

UNITED STATES, et al,

        Defendants

No.:   2:20-cv-00916 - TSZ

**PLAINTIFF'S MOTION(S) PURSUANT TO FRCP 59 AND 60  SEEKING REVISION AND REVERSAL OF COURT'S ORDER, DCKT. 90, GRANTING SUMMARY JUDGMENT AND DISMISSAL TO DEFENDANTS ACTIVE CONSTRUCTION AND OLD CASTLE INFRASTRUCTURE (JANUARY 10, 2022)**

INTRODUCTION

The Court entered an order at the close of the day, Monday January 10, 2022. Dckt. 90. Plaintiff respectfully disagrees with the Court's determination and sets out matters to address *that* order.

Issues/Background

Because Plaintiff could not identify certain parties he alleged Doe Defendants, and his allegations are set forth in the Court's order, Dckt. 90, page 3 of 10, at lines 5-9.  That complaint was filed, as the order acknowledges, on June 12, 2020, *less than three years* since the incident in which Plaintiff was injured, and therefore within the Washington state Statute of Limitations.

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP  59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 1

**Harvey Grad, WSBA 6506**
**Harvey Grad, PS**
**323 Queen Anne Ave. N., Suite 102**
**Seattle, WA 98109**
**Ph.: 206.409.9504 C,  Fax: 206.327.9284**

The summary judgment motions by Active Construction, Inc. (ACI) and Old Castle Infrastructure (OCI) assert statute of limitations defenses to the June 18, 2017 injury.

Plaintiff's suit was timely.  Plaintiff's service on defendants was timely.

While ACI may not have known the identity of the Claimant, the evidence was such that ACI suspected the injury was from the improperly installed grates, Order, Dckt. 90, at 2, describing that ACI "suspected that the grates may have contributed", from Grad (Plaintiff's attorney's declaration, Dckt. 80 at 28). "Active placed steel plates over each grate on June 20, 2017", Grad Declaration referenced at 24, Order, Dckt. 90, page 2, lines 14-21.

The Order acknowledges that Engelstein served ACI on May 27, 2021, Dckt. 90, p. 3, lines 14-20, and asserts OCI was served June 7, 2022.  *What the order fails to address is that service was completed within the periods for service allowed by this Court's orders, extending the FRCP 4(m) deadlines.  See* Dckt. 10 and 18, explained below.

Engelstein filed a very comprehensive Response to the ACI MSJ – and in which he also responded, in detail, to the OCI "Joinder" which the Court, in its order, characterizes as an MSJ.  That Response is Dckt. 79.   And to highlight the responses:

**P. 2, Extensions granted for time to serve, a) Dckt. 10, allowing until February 8, 2021, and b) Dckt. 18, allowing until August 7, 2021, to serve defendants.**

**Under any perspective, even granting the greatest "leniency" in interpreting pleadings filed by the moving parties, they were served within the "4(m)" periods which is central to the premises asserted by the Court's order.**

**Plaintiff specifically addressed the Old Castle "Response"[1] Plaintiff's Response, Dckt. 79, page 3, "<u>Oldcastle Infrastructure Response</u>", which Plaintiff pointed out that OCI defectively noted its motion, not only because of the pleading name, but because it was not noted to provide the time required for a Response under LCR 7(D)(3) (lines 5-24, and page 4 line 1).**

---

[1] Old Castle's Response to ACI's MSJ.

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP  59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 2

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C,  Fax: 206.327.9284

At pp. 7-8 of the Engelstein Response, Dckt. 79, he pointed out that the defendants, which had relied on *Schiavone v. Fortune,* 477 U.S. 21 (1986) had failed to inform the court that even under *Butler v. Nat'l Cmty. Rennaisance of Cal.*, 766 F.3d 119a (9th Cir. 2024) that *Schiavone* had been overruled by the Congressional Rule change to FRCP 15( c) in 1991.

The *former* version required the parties have "notice and knowledge 'within the period for commencing an action…'".  The rule as amended provided the "notice" time was extended to the then 120 days provided by the then Rule 4(m).

The comments to the 1991 amendment clearly explained, however, that service could be accomplished within the period provided by Rule 4(m) to provide that "An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat an action on account of a defect in the pleading with respect to the defendant's name…."  (Engelstein Response, Dckt. 79, pp. 8-9).

At Dckt. 79, p. 9, Engelstein also clearly reported that the 1991 amendment allowed not only service during the *then* 120 period provided by Rule 4(m), *but also* "any additional time resulting from any extension ordered by the court pursuant to that rule."

The Court's order on January 10, Dckt 90, does not take this into consideration.

ARGUMENT

Basis for Relief

Plaintiff seeks the Court's review of its order pursuant to FRCP 59, 59 (e) and FRCP 60, and does so within 14 days of the Order, although a limit to so short a time may be questionable.  FRCP 60 and FRCP 60(b)(6) authorize relief for "any other reason that justifies relief."

Plaintiff shows that the Plaintiff is entitled to maintain his action against defendants ACI and OCI, and that the use of a "Doe" identity and timely service within the 4(m) periods *preclude* dismissal (Rule 4(m) provides that "notice" within those periods obtained timely jurisdiction over these defendants who should not be dismissed).

Notice Issue

The Court addresses "a. Notice of the Action" at page 6 of the Order.  The Court is mistaken in believing notice must be given within the statute of limitations.

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP  59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 3

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C,  Fax: 206.327.9284

FRCP 15(c)(1)(C) is **specific; the notice need only be given by or before the end of the Rule 4(m) period, explained** *infra.*

<u>No Evidence of Prejudice</u>

The Court's analysis starts with the Order at pp. 4 on. At p. 6, Dckt. 90, the Court is reliant on *Kim v. Lakeside Adult. Fam. Home*, 185 Wn.2d 532, 563-64 (2016). Contrary to the Court's analysis in its order, *Kim* clearly pronounces that the complaining ("late-served") defendant "failed to demonstrate <u>*how*</u> she was prejudiced by any delay in service…." 185 W.2d 560, **(Emphasis** added). Defendants cannot show prejudice in this instance, either.

Plaintiff shows that the summary judgment standard, which this court is trying to apply, cannot be met by a mere defense *allegation*. *See Grimwood v. University of Puget Sound*, 110 Wn.2d 335, 753 P.2d 517 (1988), addressing Rule CR 56:

> **It is apparent that the emphasis is upon FACTS to which the affiant could testify from personal knowledge and which would be ADMISSIBLE IN EVIDENCE. Thus, there is a dual inquiry as to whether an affidavit sets forth "material facts creating a genuine issue for trial": does the affidavit state material facts,** and, if so, would those facts be admissible in evidence at trial? If the contents of an affidavit do not satisfy both standards, the affidavit fails to raise a genuine issue for trial, and summary judgment is appropriate.
>
> **A fact is an event, an occurrence, or something that exists in reality. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 813 (1976). It is what took place, an act, an incident, a reality as distinguished from supposition or opinion. 35 C.J.S. FACT 489 (1960). The "facts" required by CR 56(e) to defeat a summary judgment motion are evidentiary in nature. <u>Ultimate facts or conclusions of fact are insufficient.</u>**

(**Emphasis** and <u>emphasis</u> added).

Therefore, and consonant with *Kim, supra*, neither defendant has offered <u>*facts*</u> to assert proof of prejudice (Court's analysis, Order, Dckt 90, p. 6), because a defendant must *show* prejudice, not merely allege it.

<u>ENGELSTEIN v. U.S., et al (ACI)</u>
Plaintiff Motion for Relief, FRCP 59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 4

**Harvey Grad, WSBA 6506**
**Harvey Grad, PS**
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C, Fax: 206.327.9284

Unlike *Cellotex*, where the U.S. Supreme Court stated that the moving party need not provide an affidavit – if the non-moving plaintiff could not show a right to relief – defendants were obliged to show facts constituting prejudice, and there is no basis to shift the burden to plaintiff to explain a non-fact.

Even under *Powers* (Order at Dckt. 90, p. 6, line 6) although one defendant received notice from another within the statute of limitations, post-*Schiavone* the Congress liberalized the rules to ensure the result this Court reached on January 10, 2022, would not happen.

The Court, however, relies on *Craig v. United States*, 413 F.2d 854, 858 (9th Cir. 1969), which interestingly occurs 22 years before the Congressional amendments to Rule 15. We assert that the Court misreads *Powers*. It is clear, however, that "There is no provision in the federal statutes or Federal Rules either authorizing or expressly prohibiting the use of fictitious parties." 413 F.2d at 856. Given the 1991 rule changes *Craig* has in part gone the way of the Dodo and *Schiavone*. It did speak to "notice of the … action" such that a party will not be prejudiced (prejudice cannot be presumed) and the timing for service outlined in *Craig* has been abolished by the 1991 rule changes. There are no factual criteria nor rules by which to assume prejudice, nor any facts presented by these defendants to find it.

In *Kim* the court there found no prejudice because the defendant received service within the 90 days after filing, based on RCW 4.16.170, the Washington 90-day rule for service following filing. Washington does not have any "extension" provisions, for that time period, unlike the federal courts, which do. The non-moving party (plaintiff) is entitled to the benefit of the more liberal rules, state or Federal (ACI motion, Dckt 54, Grad Declaration, Dckt 80, with Exhibits 1-6); plaintiff is timely.

In its Motion, Dckt 54, pages 2-3, ACI specifically reported that it was advised of the June 18, 2018 bike crash (but not the identity of the rider). At p. 2, line 20 it explained it was advised of the crash the very next day, June 19, 2018 by Mike Niemi of the USDOT. ACI knew the bicyclist had suffered serious facial injuries, but not much more about the crash. The next paragraph is quite telling:
ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP 59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 5

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C, Fax: 206.327.9284

Active promptly went to the low water crossing and inspected the site.

*See* the Grad declaration, Dckt. 80.

ACI agrees that as to any issues of relation-back (discussion in Order, Dckt. 90, page 8) that we apply the "more forgiving principle of relation back than the one provided by this rule, it should be able to save the claim", reciting to the "Note to the 1991 amendment to Rule 15( c)."

ACI therefore also knew that the *Schiavone* standard had been abolished by the 1991 rule changes. Plaintiff made a diligent attempt to identify the actual defendants, and had he known their identity, would have so stated instead of naming "Does". The dates by which defendants were served are as alleged, however, applying the liberality standard cited by ACI, service was completed within the Rule 4(m) period[2] and there is no statute of limitations issue.

In his declaration, Dckt. 80, Grad included correspondence between ACI and others showing that ACI knew the gaps between the grates caused the crash, Ex. 5, 6/28/17 email, Niemi to Gebhard re steel sheets over the LWC (crash site), Dckt. 80, p. 25/28, email of June 19, 2017, from Greg Gebhard of ACI to Michael Niemi of FHWA and Mark Andrews:

> We reviewed the Low Water Crossing grates this morning just after you were onsite doing the same. The grates are un-adjustable. As a safety precaution we recommend FHWA have ACI place steel sheets over the grates.

On June 20, 2017 Gebhard wrote to Niemi ("RE: MF Snoqualmie River Road – Serious Bicycle Accident"):

> Steel sheets were placed over each grating system around 10:30 a.m. this morning. Additionally, we are providing bump signs (already up) and steel sheet on roadway signs (to be installed tomorrow) on either end of the low water crossings.

---

[2] Multiple decisions have held that service can be made years after the filing of a complaint (allowing extensions under what is now "Rule 4(m)"), i.e., *Grammemos v. Lemos*, 457 F.2d 1067 (2nd Cir. 1972), and others, referring to *Henderson v. United States*, 517 U.S. 654, 662, 116 S.Ct. 134 L.Ed. 2d 880 (1996) which factors militated in favor of a discretionary decision to allow plaintiff to attempt service rather than dismissing the action. These included whether dismissal as a result of a statute of limitations would bar the action, or whether the defendant would be prejudiced by excusing the time constraints of the rule, and often allowed the extension of time to serve *in the absence of* good cause.

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP 59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 6

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C, Fax: 206.327.9284

The email instigating all of this is from Kent Schaeffer (Dckt 80 p. 26) in which he identified that which Gebhard would have seen at the site:

> I was on the Middle Fork Snoqualmie River Road today. There are two sections of road where the road dips down and a grating system is installed to allow a flooded creek to pass over the road. **There is a gap of roughly 2 inches between each grating panel which is parallel with the road way. Today a bicyclist was not able to miss a slot in the grating (I am assuming this is what contributed to the crash) which resulted in a catastrophic crash which in turn caused significant facial injuries as well as a possible tongue amputation.**
> \*\*\*
> **Please consider a solution where the grate sections are pulled together or the gap filled in so no gap is parallel with the roadway.**

(**Emphasis** added).

If a lay person could spot the problem the ACI project supervisor had to know of the problem on his inspection. The "prejudiced" argument is specious. ACI was able to "investigate".

Assuming ACI or even Oldcastle were named, then served three-years and 90 days after the bike crash, or even within three years, they'd still not have any details which couldn't be provided in discovery until *after* an appearance and *after* serving discovery, *and* receiving responses. They are no worse off than if they had been originally named and served by June 18, 2020.

In 2019 the 9th Circuit reached a completely different result than this court did this month:

> The provisions of Rule 15(c) are aimed at "the elimination of unjust dismissals" resulting from pleading mistakes that cause no prejudice to the defendant. *Miles v. Department of the Army*, 881 F.2d 777, 783 n.4 (9th Cir. 1989). If the conditions specified in subsection (c)(1)(C) are satisfied, the defendant brought in by amendment will be no worse off, in terms of her ability to defend the action, than if she had been named as a defendant initially. She will have received adequate notice of the action within the period allowed for service of the summons and complaint, and she will have realized (or had a basis for realizing) that the action would have been brought against her but for the plaintiff's inadvertent mistake. The plaintiff, by contrast, would suffer extreme prejudice— dismissal of the action as time-barred—if the amendment were not allowed to relate back to the date of the original complaint. In these circumstances, the drafters of the rule concluded, "to deny relation back is to defeat unjustly the claimant's opportunity to prove his case." Advisory Committee's Notes on 1966 Amendments to Fed. R. Civ. P. 15(c), 39 F.R.D. 69, 83 (1966).

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP 59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 7

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C, Fax: 206.327.9284

*Silbaugh v. Chao*, 942 F.3d 913 (9th Cir. 2019).

This Court's order sets out Rule 15, page 8-9, but overlooks that 15(c)(1)(c)[3] is the <u>general</u> rule with two sub-parts, (i) and (ii) and that the time for completing this service / notice process is, timely:

> … if, within the period provided by Rule 4(m) for serving[4] the summons and complaint, the party to be brought in by amendment" … (i) received such notice that it will not be prejudiced in defending on the merits; and, (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

**(Emphasis** added).

Each of these acts was accomplished within the 4(m) periods.  Plaintiff diligently searched for the identity of the potential Doe defendants, but could find no reference to this project.  *See* Grad Declaration, Dckt 80, page 3, ¶ 3.

No current rule – applicable to this suit – required that Plaintiff complete process on ACI and OCI before the expiration of the 4(m) periods – nor is there <u>any</u> requirement that they had to receive such notice prior to the expiration of the statute of limitations; plaintiff had until the last day of the 4(m) period.   The Doe provisions allow the plaintiff to declare the identity of a proposed defendant by its actions.   The First Amended Complaint (FAC) explained the amendment to ACI and OCI explicitly and met the expectations set out in *Powers*, 283 Wn.2d 185, where the court there found the plaintiff's description was sufficient.  The plaintiff in *Powers* alleged that "John Doe Construction Company is believed to be the builder of the handicap access ramp where the incident occurred."  That was adequate.

Plaintiff has not failed to meet his obligations to properly name a defendant, and unlike other cited cases where the plaintiffs had not named "fictitious" parties, this plaintiff did.

---

[3] FRCP
[4] And as explained above, including the extensions granted, Dckt. 10 and 18.

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP 59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 8

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C,  Fax: 206.327.9284

Cellotex Rule

The court relies on *Cellotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  It relied on *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   However, a naked assertion, or a conclusion, is *not a fact*, *Grimwood*, *supra*.   In *Anderson* the Court remarked that:

> Just as the "convincing clarity" requirement is relevant in a ruling on a motion for directed verdict, it is relevant in ruling on a motion for summary judgment.

477 U.S. at 254.  Prejudice cannot be established by "convincing clarity."

There is no "absence of prejudice" proof a non-moving party must meet.   Defendants ACI and OCI offered no demonstration of factual prejudice.  As in *Grimwood*, *supra*, the court in *Harris v. Cnty of Orange* denied relief to a party regarding the interpretation of an MOU (memorandum of understanding) and that there was "vesting" in an MOU. The court explained that:

> However, that conclusory assertion is not sufficient to raise a genuine issue of material fact, as is required to survive a summary judgment motion.

Summary judgment motions which are denied are rarely, if ever, appealed or reported.  It is not therefore likely one would find authority explaining the denial of summary judgment based on the moving party's failure to allege actual facts.

If the *moving party* has only conclusions or averments, that party cannot establish a fact or facts supporting the basis for a "Doe"-related summary judgment.  The obverse side of the summary judgment coin is the necessity of an absence of necessary material facts not in dispute.  **Plaintiff has not failed to respond to the *Craig* argument asserted by defendants because the defendants have not established one iota (or even barely a scintilla) of evidence to support the *fact* of prejudice**; summary judgment was granted in error.   Factual proof of "prejudice" is missing.

Even viewing the Gebhard declaration, in support of ACI's summary judgment, Dckt 56,

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP 59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 9

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C, Fax: 206.327.9284

paragraph 6, there are no facts to support any naked allegation that ACI could not defend this suit.

In fact, it was ACI which altered the scene, the site it constructed.   Paragraph 7 of the Gebhard declaration is a general statement, and has offered only generic references, rather than specific documents and how they'd be found (to identify ACI).  ACI was not located on a diligent search by Plaintiff.  OCI's MSJ was filed as a "Response and Joinder", which this court "addressed on the merits" of the OCI Response to the ACI MSJ, Dckt 60.   Kyle Salisbury's declaration, Dckt 61, 9/10/21 offers no insight, whatsoever.   The sole statement of any substance is that OCI was first notified of the claim when served with process on June 7, 2021.   The only other declaration for OCI was that of Ted Reynolds, Dckt. 62, in which he stated 1., he *is* employed by OCI as an estimator; 2. OCI was engaged by ACI to supply materials used in the low-water crossing where Plaintiff was injured; 3. He *alleges*, without giving further factual statements that OCI's identity was "easily discoverable" (conclusion), that the project was a public works project and related materials – including pertinent project records "were a matter of public record and easily obtainable", but without giving any websites, links or other factual assertions to do demonstrate. 4., Oldcastle's participation ended "approximately" October of 2014, 32 months before Plaintiff's injury crash.

Neither of the defendants detailed any factual basis establishing prejudice.  Vague suggestions, or "hints and allegations" of prejudice cannot meet the "convincing clarity" standard.

The capstone of the *Cellotex* trilogy is *Matushita v. Zenith Radio Corp*. 475 U.S. 574 (1986). The case turned in part on summary judgment addressing a conspiracy by the Japanese manufacturers, an anti-trust issue.   The court could not find a conspiracy to depress the prices of Japanese manufacturers intended to drive out the American competitors.   The inference of conspiracy was unreasonable.   The inference of "prejudice" here is unreasonable.

CONCLUSION

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP  59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 10

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C,  Fax: 206.327.9284

1  Plaintiff has addressed his concerns within the time and page limitations which understood.

2  The 1991 rule changes to FRCP 15 were substantial.   They forever eclipsed any standards previously based on *Schiavone* or *Daly*.   Under *Silbaugh* the courts are   required to avoid the harsh results of a dismissal under these circumstances.  There are no facts which would in any way explain that defendants were prejudiced by the timing of suit and service. Plaintiff served defendants with the time allowed under Rule 4(m). There is no "convincing clarity" in defendants' motions to allow the relief granted.  There is no basis in law or fact to support the Court's order of dismissal.

**Respectfully submitted** this 24th  day of January, 2022:

> s/ Harvey Grad, WSBA 6506
> Harvey Grad PS
> Attorney for Plaintiff David Engelstein
> 323 Queen Anne Ave. N., Suite 102
> Seattle, WA 98109
> Phone: Use Cell Phone 206.409.9504, or
> Fax: 206.327.9284, or
> Email: Harvey@HarveyGradLaw.com

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP  59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 11

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C,  Fax: 206.327.9284

1  Declaration of Service, January 24, 2022

2   I have completed this Motion for Reconsideration, FRCP 59, and for Relief, FRCP 60, this day and date and I am uploading this for filing in the Court's ECF system, which will result in service on all
3  parties.

4
  s/Harvey Grad
5     Attorney for Plaintiff.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ENGELSTEIN v. U.S., et al (ACI)
Plaintiff Motion for Relief, FRCP 59 and 60
From the Court's Order of Dismissal, Dckt. 90
Page 12

Harvey Grad, WSBA 6506
Harvey Grad, PS
323 Queen Anne Ave. N., Suite 102
Seattle, WA 98109
Ph.: 206.409.9504 C,  Fax: 206.327.9284