UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID ENGELSTEIN,

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

        Defendants.

C20-0916 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

1. King County's (the "County") motion for summary judgment, docket no. 105, is DENIED. The County's arguments that, as a matter of law, it (a) did not have "control" of the road and/or (b) was not on notice of the gaps in the grating at issue both fail. Instead, triable issues of fact exist as to whether the County had "control" of the road, *see Afoa v. Port of Seattle*, 191 Wn.2d 110, 117, 421 P.3d 903 (2019); *Vargas v. Island Wash., LLC*, 194 Wn.2d 720, 740, 452 P.3d 1205 (2019), and whether the County had actual or constructive "notice" of the road conditions at the time of plaintiff's accident, *Ogier v. City of Bellevue*, 12 Wn. App. 2d 550, 555, 459 P.3d 368 (2020).

    (a) Under Washington law, the County's duty to provide safe roads to the public attaches when the County has "lawful possession and control" over land, which means that the County has "continuing authority to determine whether the land should be open to the public." *Camicia v. Howard S. Wright Constr. Co.*, 179 Wn.2d 684, 696, 317 P.3d 987 (2014) (quoting *Tennyson v. Plum Creek Timber Co.*, 73 Wn. App. 550, 558, 872 P.2d 524 (1994)). The County has failed to identify agreements in the record which might have affected its legal obligations. Said differently, no agreement in the record indicates that the County

MINUTE ORDER - 1

transferred the power to close the road to another, which Washington courts have used as a proxy for "control." *See Camicia*, 179 Wn.2d at 696; *see generally* Ex. A to Robbins Decl. (docket no. 108). As such, a triable issue of fact exists. In opposition, the County argues that it delegated the duty to provide safe roads to the United States Forest Service, but the County cites no authority for the proposition that a municipality can delegate that duty. Persuasive authority seems to suggest that it could not. *See Restatement (Second) of Torts* § 418 (1965) (2023 update). Indeed, analogous areas of law indicate that the County probably could not discharge its duty of safety. *See Olson v. City of Bellevue*, 93 Wn. App. 154, 163, 968 P.2d 894 (1998) (examining the duty of safety in the context of a county annexing a road). The County has not carried its burden to demonstrate, as a matter of law, that it could or did delegate the duty of safety to another.

(b)     Plaintiff also has identified evidence that creates a material issue of fact as to whether the County was on notice of the gaps in the grating, which might have been a cause of the accident. On April 21, 2016, Victor Daggs, the County's engineer, sent the Federal Highway Administration ("FHWA") an email that outlined an inspection—which noted deficiencies in the grating—that the County had performed that week. Ex. 1 to Grad Decl. at 3 (docket no. 127). On June 20, 2016, the County sent a more formal letter of concern to FHWA, setting out its issues with the construction on Middle Fork Road, once again noting its inspection of the grating. *Id.* at 28. Although the problems that the County raised might not relate to the cause of Plaintiff's accident, these emails demonstrate that the County conducted inspections of the subject road. As such, these letters raise a dispute of fact as to whether the County was on notice of the allegedly dangerous condition that the grates might have presented. *See Ogier*, 12 Wn. App. 2d at 555 (material issues of fact as to whether the city had actual or constructive notice or should have reasonably anticipated the hazard of an uncovered manhole); *see also Nguyen v. City of Seattle*, 179 Wn. App. 155, 162 317 P.3d 518 (2014) (actual or constructive notice not even applicable if the governmental entity created an unsafe condition or if it was a condition the entity should have anticipated).

2.     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of June, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 2